WILLIAMS *et al. v.* PEOPLES BANK LIQUIDATING CORPORATION.

(Division B. Jan. 16, 1939.)

[185 So. 579. No. 33474.]

Patterson & Patterson, of Calhoun City, for appellants.

**W. J. Evans,** of Calhoun City, and **W. I. Stone,** of Coffeeville, for appellee.

170

**Ethridge, P. J.,** delivered the opinion of the court.

The Peoples Bank Liquidating Corporation brought suit against the defendants, W. J. Williams, and his wife, Mrs. W. J. Williams, and J. A. Sheffield, on a promissory note given the Liquidating Corporation "or bearer," on February 21, 1935, in the sum of $250, with 8% per annum from date until paid, with provision for an attorney's fee if it were put in the hands of an attorney for

collection. It appears from the record that prior to. the giving of the note, W. J. Williams and his wife had given a note, endorsed by Sheffield, and secured by a deed of trust, upon their home, the original note and deed of trust being for $1500, which had been paid down to a certain extent. The Peoples Bank having been put in liquidation, under the provisions of the banking law of 1934, chapter 146, it was desirous of collecting the debt so secured by the note and deed of trust. Some arrangement was made by which the appellants, W. J. Williams and his wife, were to secure a loan on the property, such loan to be secured by the deed of trust, for the purpose of paying off the debt due the Liquidating Corporation at that time. The HOLC was applied to, but was unwilling to advance the amount due thereon with the homestead as security. By some arrangement between the appellants and the appellee, a loan was to be secured from the HOLC in the amount of $825.12, and the property securing the original debt due the Peoples Bank Liquidating Corporation to be released, and the deed of trust on the property satisfied. It agreed, by resolutions entered on its minutes, and signed by all five of the directors, to accept the $825.12 in satisfaction of the deed of trust, and to release the property therefrom; provided the balance due was taken care of by a note, and this arrangement was made. A note for $250 was executed, and signed by W. J. Williams, his wife, and J. A. Sheffield, to the Peoples Bank Liquidating Corporation. This note was delivered to the bank. There is a dispute between the appellants and the appellee as to what the real agreement was in giving the note for $250.

Williams and Sheffield testified that at the time they gave the $250 note there were two notes belonging to them in the Peoples Bank Liquidating Corporation for collection, one for $86.38, signed by W. E. Sherman and J. A. Sheffield, and another for $200, due by other parties.

The bank made an entry on its minutes in reference

to the matter in the following words: "The Matter of the Loan No. 22-c-962, of the HOLC to W. J. Williams, and it appearing that the HOLC will make a loan on this property sufficient in amount to pay this corporation in the sum of $825.12 in bonds on the indebtedness of the said W. J. Williams upon condition that the said Peoples Bank Liquidating Corporation accept said bonds in full discharge of the indebtedness of the above named applicant in so far as the security offered, it is, therefore upon motion and second duly made by five members of the Board voting therefor, and ordered that the proposition of the HOLC be accepted in this matter, and that W. M. Tindall, Liquidator, be and he is hereby authorized on behalf of this Corporation to cancel the deed of trust in favor of the Peoples Bank on the property herein involved upon the payment to him of the said sum of $825.12 in bonds or cash. It is further ordered by the Board that if, and when the above amount of $825.12 is received from the HOLC on the W. J. Williams note, that W. M. Tindall, Liquidator is authorized to accept one note for $250.00 to be signed by W. J. Williams and J. A. Sheffield, and a note for the principal sum of $86.38 of W. E. Sherman and J. A. Sheffield in settlement of the balance due on the W. J. Williams note to the Peoples Bank."

It was the contention of the appellants that the liquidator accepted the $250 note with the understanding and agreement that the two notes mentioned as being in the bank for collection, when collected, would be applied on the $250 note, and that the $86.38 note was collected by the bank, and in the presence of Sheffield, the liquidator agreed that the amount would be applied on the $250 note.

The court below held that the contention of the bank must be accepted under the provisions of section 106, chapter 146, Laws of 1934, and granted a peremptory instruction in favor of the appellee; from which this appeal is prosecuted.

It is argued by the appellants that they had no knowledge of the minutes of the board of directors of the Peoples Bank Liquidating Corporation, and that the acts of the liquidator were apparently within the scope of his authority; and that the question as to whether the agreement contended for by the appellants was made by the liquidator should be submitted to the jury. Chapter 146, Laws of 1934, is the new law for the control of banks and the liquidation of banks and general banking operations. It provides for the creation of a department of bank supervision and a state comptroller, and under it a bank is authorized to liquidate its assets to pay its debts, etc.

By section 106 of this act, pertinent here, it is declared: "By authority of order on the minutes signed by all five directors, the corporation may do and perform, without approval of court, the following, to-wit: (a) Employ and fix the compensations of the liquidator, counsel and other employees; (b) Lease premises to be occupied by the corporation as business quarters; (c) Borrow money, execute promissory notes, and pledge or mortgage the assets of the corporation; (d) Compromise and/or extend indebtedness due the bank being liquidated, and release and surrender securities and collaterals; (e) Compromise claims against the bank: (f) Sell any or all assets of the bank for cash or on other terms; (g) Barter or exchange any assets of the bank for cash for other property; (h) Lease any property belonging to the bank; (i) Pay dividends to creditors or stockholders of the bank."

There is no showing that there was an application to the Chancery Court to approve the alleged settlement. Consequently the authority to make the settlement without the approval of the Chancellor was dependent upon a compliance with the said section. When this section is complied with, then the matter can be handled without being presented to, and approved by, the court. The

conditions under which such settlements may be made are named in the law itself, of which every person must be charged with notice. Consequently the appellants were charged with notice that the power of the liquidating agent to make the settlement was dependent upon the order of the directors, spread on the minutes; and that if he had no authority so entered on the minutes, and signed by all five of the directors, a settlement could not be bindingly made without presenting the matter to the Chancery Court, which created the liquidating corporation, and securing its approval of the settlement.

It follows from these views that the judgment of the court below was correct, and the judgment is affirmed.

Affirmed.